## Elmer O. Neff, Appellee, v. Harwood Barley Manufacturing Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Tazewell county; the Hon. THEODORE N. GREEN, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed December 11, 1914.

### Statement of the Case.

Action in assumpsit by Elmer O. Neff against the Harwood Barley Manufacturing Company, a corporation engaged in the manufacture and sale of motor trucks, to recover a commission for trucks sold by the defendant, the purchasers of which were introduced to defendant by plaintiff, and on which plaintiff claims defendant agreed to pay a commission of twenty-five per cent. of the selling price. From a judgment in favor of plaintiff, defendant appeals.

The principal contention of appellant was that appellee was not an agent of appellant. Appellant sent a printed circular to appellee to which was attached a postal card that appellee filled out by stating thereon that he was interested in a one-ton truck and requesting that appellant's agent call on him, and mailed the card to appellant. The appellant on receipt of the card mailed to appellee a catalogue of its motor trucks. This catalogue on its first page under the heading "Officers and Directors" named C. G. Barley as treasurer and general manager, and on the last page under the heading "Agencies and Service Stations" named, among others, W. F. Breedlove, Joplin, Missouri.

On September 2, 1913, after appellee had mailed the card to appellant, he received a letter from appellant signed by Charles G. Bailey, treasurer. The last paragraph of this letter is:

"We are referring your inquiry to our Mr. Breed-

love, who will be in your vicinity soon, and he can call on you as he can give you the fullest information regarding the price, etc. He is desirous of seeing you about the agency of our truck in your vicinity, as we can save you some money by making you our agent. We can furnish a one-ton truck with stake body in about three weeks after receipt of your order, four at the outside.''

The appellant at the time it wrote the letter to appellee also forwarded the card written by appellee to Breedlove. The day after appellant wrote its letter to appellee, Breedlove wrote a letter to appellee stating that he was in receipt of his card which had been referred to him, and that he (Breedlove) would call on appellee the following week and take the matter up with him, and it would pay appellee well to wait for him. At the time fixed in the letter, Breedlove went to Pekin and met appellee. The evidence for appellee is that Breedlove, as agent for appellant, proposed to appellee that appellant would pay him a commission of twenty-five per cent. on the sale of motor trucks to such prospective buyers as appellee might introduce Breedlove; that appellee agreed to take Breedlove to prospective purchasers and introduce him on that basis, and thereafter on that day did introduce Breedlove to Albertson & Koch, who purchased a truck on September 9th from appellant.

He also took Breedlove and introduced him to the German American Brewing Company, which also bought a truck from appellant. After the introduction of Breedlove to Albertson & Koch and the brewing company, appellee and Breedlove went to a bank in Pekin and there Breedlove told the cashier, in appellee's presence, that Breedlove wanted to make appellee agent for appellant and told him what the commission was and figured out the commission he would get if a sale should be made to Albertson & Koch and to the German American Brewing Company. The evidence

of appellee and the cashier of the bank is that appellee was to have the commission agreed upon if Albertson & Koch and the brewing company purchased trucks, and that during the conversation in the bank he suggested that Breedlove close the sales to Albertson & Koch and the German American Brewing Company before Neff gave his order, and that Breedlove assented to this proposal. Appellee testifies that he was not asked to sign an order for a truck but that he did give an order for a truck to be shipped to him on condition that Albertson & Koch and the brewing company bought trucks.

Appellant contends that it was necessary for appellee to purchase a truck and to advance $200 on it before he could be appointed an agent. Appellee proved that he had between $1,200 and $1,400 in the bank at the time Breedlove and he were at the bank, and that he was not asked to advance $200.

PRETTYMAN, VELDE & PRETTYMAN, for appellant.

RALPH DEMPSEY, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

## Abstract of the Decision.

1. PRINCIPAL AND AGENT, § 8*—*when evidence shows agency.* Evidence *held* to establish an agency to sell motor trucks on commission, and not a conditional appointment subject to the purchase of a truck and the advancement of a specified sum thereon.

2. PRINCIPAL AND AGENT, § 74*—*when principal liable for commission to agent appointed by agent.* Where a prospective purchaser writes a manufacturing concern that he is desirous of purchasing a motor truck and is informed that their agent is desirous of seeing the purchaser about the agency of the truck in purchaser's vicinity, such agent acts within the apparent scope of his authority in appointing the purchaser as agent, and it is immaterial that the ap-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

pointing agent may have acted contrary to private instructions.

3. Principal and Agent, § 190*—*when principal cannot defeat recovery of commissions.* Where a manufacturing concern selling through agents on commission has received the benefit of work done under an agency created under authority which it notified a prospective purchaser and agent it had reposed in one of its general appointing agents, the right of such appointed agent to a commission cannot be defeated by the mere fact that the seller subsequently makes agents of the customers introduced by such appointed agent.

4. Instructions, § 73*—*when not erroneous as assuming facts.* An instruction stating, "if you find from the greater weight of the evidence that the defendant acting by its duly authorized agent, agreed," etc., is not erroneous as assuming that a contract was made with a duly authorized agent of defendant.